IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VICTOR MATUBANG, ) | Civ. No. 09-00130 ACK-KSC |
| ) | Civ. No. 10-00173 ACK-KSC |
| Plaintiff, ) | (Consolidated) |
| ) | |
| vs. ) | |
| ) | |
| CITY AND COUNTY OF HONOLULU, ET ) | |
| AL., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER (1) DENYING THE CITY'S MOTION FOR RECONSIDERATION, AND (2) GRANTING THE CITY'S MOTION TO AMEND THE SCHEDULING CONFERENCE ORDER**

**BACKGROUND**

On March 27, 2009, Plaintiff, Victor Matubang, filed a complaint ("Complaint") against, inter alios, the City and County of Honolulu ("City") and Honolulu Police Department ("HPD") Officers Kevin Takehara ("Officer Takehara") and Joshua Eagle ("Officer Eagle"), in both their individual and official capacity (collectively, "Defendants").

On February 9, 2010, the City filed a motion for judgment on the pleadings and/or for summary judgment. On February 10, 2010, Police Officer Defendants Takehara and Eagle filed a motion to dismiss for insufficient service of process ("Officers' Motion to Dismiss").

On March 29, 2010, Plaintiff filed a third ex parte motion for enlargement of time to serve Officer Takehara, which

was addressed to "the District Judge."  Plaintiff's motion for an enlargement of time to serve Officer Takehara was accompanied by a declaration from Plaintiff's counsel, Andre Wooten ("3/26/10 Wooten Decl.").  Previously, on February 23, 2010, Plaintiff submitted the declaration of Charlie Latham, a professional process server, in connection with his second ex parte motion for an enlargement of time to serve Officer Takehara ("Latham Decl.").

On March 29, 2010, the last day before the statute of limitations expired on Plaintiff's claim, Plaintiff filed another complaint against Officers Takehara and Eagle, which was assigned to United States District Judge J. Michael Seabright ("3/29/10 Complaint").  This complaint was made only against Officers Takehara and Eagle, and did not allege any claims that the Court dismissed in its Order Granting in Part, and Denying in Part, the City's Motion for Partial Dismissal ("8/24/09 Order").[1/]

On April 15, 2010, Plaintiff filed an opposition to the Officers' Motion to Dismiss.  In Plaintiff's opposition to the Officers' Motion to Dismiss, Plaintiff requested that the Court consolidate the original case with the case that was before Judge Seabright.

---

[1/] However, on April 5, 2010, Plaintiff filed a First Amended Complaint in the action before Judge Seabright ("4/5/10 Amended Complaint").  The 4/5/10 Amended Complaint was practically identical to the original Complaint filed in this action.

2

The Court held a hearing on all four motions on May 3, 2010.  At the hearing, Plaintiff agreed to withdraw his claims against Officer Eagle, as well as all claims that were dismissed or withdrawn in relation to the Court's 8/24/09 Order.

On May 7, 2010, the Court issued a written order (1) granting the City's motion for judgment on the pleadings with respect to any claims for punitive damages against the City, (2) granting in part, and denying in part, the City's motion for summary judgment as to the remaining claims, (3) granting Plaintiff's motion to consolidate the two civil cases, (4) denying Plaintiff's motion for an enlargement of time to serve Officer Takehara, and (5) denying Officers Takehara and Eagle's motion to dismiss for insufficient service of process ("<u>Five-Part Order</u>").

On May 22, 2010, the City filed a motion for reconsideration with respect to parts (3), Plaintiff's Motion to Consolidate Two Civil Cases, and (5), Officers Takehara and Eagle's Motion to Dismiss for Insufficient Service of Process ("City's Mot. for Recon.").  In the alternative, the City requests an Order Amending the Scheduling Order and Continuing the Trial Date and Other Deadlines for Defendant Takehara.[2]  On

---

[2] Although the Court will address the City's arguments below, the Court notes that an alternative basis for denying the City's Motion for Reconsideration is that it was filed untimely. Because the City's motion for reconsideration is brought pursuant
(continued...)

May 27, 2010, Plaintiff filed a two-page opposition to the City's Motion for Reconsideration ("Pl's Opp'n").

## LEGAL STANDARDS

### I.      Motions for Reconsideration

In the Ninth Circuit, a successful motion for reconsideration must accomplish two goals. First, it must demonstrate some reason why the court should reconsider its prior decision. Na Mamo O 'Aha 'Ino v. Galiher, 60 F. Supp. 2d 1058, 1059 (D. Haw. 1999) (citation omitted). Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Id. Courts have established three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. Mustafa v. Clark County Sch. Dist., 157 F.3d 1169, 1178-79 (9th Cir. 1998); Great Hawaiian Financial Corp. v. Aiu, 116 F.R.D. 612, 616 (D. Haw. 1987), rev'd on other grounds, 863 F.2d 617 (9th Cir. 1988). The District of Hawaii has implemented these standards in Local Rule 60.1, which states, in relevant part:

---

[2/](...continued)
to D. Haw. Local Rule 60.1(c), it must have been filed within fourteen (14) days of the filing of the court's written order. See D. Haw. Local Rule 60.1. The Court's Five-Part Order was filed on May 7, 2010. The City's Motion for Reconsideration was filed on May 22, 2010, one day after the deadline, and is therefore untimely.

> Motions for reconsideration of interlocutory orders may be brought only upon the following grounds:
>
> (a) Discovery of new material facts not previously available;
> (b) Intervening change in law;
> (c) Manifest error of law or fact.
>
> Motions asserted under Subsection (c) of this rule must be filed and served not more than fourteen (14) days after the court's written order is filed.

D. Haw. Local Rule 60.1.

Mere disagreement with a previous order is an insufficient basis for reconsideration. See Leong v. Hilton Hotels Corp., 689 F. Supp. 1572 (D. Haw. 1988). "Whether or not to grant reconsideration is committed to the sound discretion of the court." Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003) (citation omitted).

**II.      Motions to Amend Scheduling Orders**

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause inquiry focuses on the diligence of the party seeking to modify the scheduling order; if the party seeking the modification was not diligent, the court should deny the motion. See Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002). "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the

extension.'"  Id. (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)).

## DISCUSSION

**I.      Motion for Reconsideration**

The City's Motion for Reconsideration relates to the Court's decision to consolidate Plaintiff's two civil cases, and to deny Officers Takehara and Eagle's motion to dismiss for insufficient service of process.  Although the City only briefly addressed the issue in its prior papers, in its Motion for Reconsideration the City cites to some authority which states that parties generally have "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant."  Walton v. Eaton Corp., 563 F.2d 66, 70-71 (3d Cir. 1977); see also Chinn v. Giant Food, Inc., 100 F. Supp. 2d 331, 333-34 (D. Md. 2000).  To this end, "[a] court facing duplicative actions may: (1) stay the second action; (2) dismiss the second action without prejudice; (3) enjoin the parties from proceeding with the second action; or (4) consolidate the two actions."  Team Enterprises, LLC v. Western Investment Real Estate Trust, No. 08-0872, 2008 WL 4826132, *4 (E.D. Cal. Nov. 6, 2008) (citing Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2nd Cir. 2000)); see also Walton, 563 F.2d at 71 ("The district court's decision to consolidate [the] two actions was obviously unobjectionable.").

As to consolidation, the Third Circuit Court in <u>Walton</u> observed:

> When a court learns that two possibly duplicative actions are pending on its docket, consolidation may well be the most administratively efficient procedure. If the second complaint proves to contain some new matters, consolidation unlike dismissal of the second complaint without prejudice or staying the second action will avoid two trials on closely related matters. If, on the other hand, the second complaint proves to contain nothing new, consolidation of the two actions will cause no harm provided that the district court carefully insures that the plaintiff does not use the tactic of filing two substantially identical complaints to expand the procedural rights he would have otherwise enjoyed. In particular, the court must insure that the plaintiff does not use the incorrect procedure of filing duplicative complaints for the purpose of circumventing the rules pertaining to the amendment of complaints, Fed. R. Civ. Proc. 15, and demand for trial by jury, Fed. R. Civ. Proc. 38.

<u>Walton</u>, 563 F.2d at 71.  Further, "[t]he complex problems that can arise from multiple federal filings do not lend themselves to a rigid test, but require instead that the district court consider the equities of the situation when exercising discretion."  <u>Curtis</u>, 226 F.3d at 138.

As noted in the <u>Five-Part Order</u>, dismissal for insufficient service of process requires dismissal without prejudice.  <u>See</u> Fed. R. Civ. P. 4(m).  Although the Court's <u>Five-Part Order</u> did not cite the authorities the City has pointed to in its Motion for Reconsideration, the Court's analysis addressed the issue of whether consolidation would expand Plaintiff's

procedural rights.  That is, the Court focused on Fed. R. Civ. P. 4(m) to determine whether Plaintiff's procedural rights would be expanded if the Court were to consolidate the two civil actions. The Court concluded that they would not be expanded because Fed. R. Civ. P. 4(m) requires dismissal without prejudice.  Moreover, Plaintiff could have voluntarily dismissed the first action and then refiled it with proper service.[3/]  As such, because Fed. R. Civ. P. 4(m) requires dismissal without prejudice, and because Plaintiff could have voluntarily dismissed the first action and refiled with proper service, the Court proceeded to find that consolidation was appropriate in the interest of judicial economy.

Further, the Court finds that <u>Chinn</u> and <u>Walton</u> are distinguishable from the present case.  In <u>Chinn</u>, plaintiffs' counsel intentionally failed to identify the second case as related in an effort to shop for a different judge, and admitted an intent to manipulate the judicial process.  100 F. Supp. 2d at 333.  Here, in contrast, Plaintiff's counsel promptly notified the Court of the second action by way of a motion for consolidation.  <u>See</u> Docket no. 59.  Moreover, Plaintiff's counsel

---

[3/] The City notes that had Plaintiff chosen to voluntarily dismiss the first action, Plaintiff would have needed the Court's approval to dismiss the first action pursuant to Fed. R. Civ. P. 41(a)(2).  For the reasons discussed <u>infra</u>, the Court observes that it would have approved Plaintiff's voluntary dismissal and dismissed the first action without prejudice.

explained that "[t]he statute of limitations of two years [had] not run on this case. Consequently, Plaintiff [had] no choice but to file a new but similar complaint against the defendant police officers only . . . ." 3/26/10 Wooten Decl. ¶ 15.[4/] Thus, Plaintiff's counsel was not intentionally manipulating the judicial process.

In Walton, the Third Circuit stated that "the [district] court must insure that the plaintiff does not use the incorrect procedure of filing duplicative complaints for the purpose of circumventing the rules pertaining to the amendment of complaints, Fed. R. Civ. Proc. 15, and demand for trial by jury, Fed. R. Civ. Proc. 38." 563 F.2d at 71. Neither Fed. R. Civ. P. 15 (amendment of complaints), nor Fed. R. Civ. P. 38 (demand for trial by jury) are at issue here.[5/] In this case, the pertinent rule is Fed. R. Civ. P. 4(m), which requires dismissal without

---

[4/] Although Plaintiff's counsel likely should have voluntarily dismissed the first action and then refiled it with proper service, the Court finds that given the circumstances of this case it would be inappropriate to dismiss the second action simply because Plaintiff's counsel did not proceed in this manner.

[5/] The City asserts that Plaintiff's second action was a "blatant effort to forum shop and to re-raise claims previously dismissed by the Court's August 24, 2009 Order." City's Mot. for Recon. at 7-8. The Court finds that the forum shopping argument has no merit, and notes that at the hearing Plaintiff agreed to withdraw all claims that were dismissed or withdrawn in relation to the Court's 8/24/09 Order. Moreover, the Court observes that the initial 3/29/10 Complaint filed before Judge Seabright was made only against Officers Takehara and Eagle, and did not allege any claims that the Court dismissed in its 8/24/09 Order.

prejudice and thus permits the refiling of complaints. Plaintiff's repeated attempts at serving Officer Takehara had failed and therefore Plaintiff's counsel asserted that he had "no choice but to file a new but similar complaint against the defendant police officers only . . . ." 3/26/10 Wooten Decl. ¶ 15. In other words, Plaintiff did not file his second complaint to "expand the procedural rights he would otherwise enjoy," but rather to aid his substantive rights.

      Most of the other cases the City cites in its Motion for Reconsideration are similarly distinguishable. See, e.g., Oliney v. Gardner, 771 F.2d 856, 859 (5th Cir. 1985) (second action attempted to plead new facts and the plaintiff did not file a notice of related cases); Sutcliffe Storage & Warehouse Co. v. United States, 162 F.2d 849, 851 (1st Cir. 1947) (plaintiff brought four separate actions against the United States to circumvent the Tucker Act's jurisdictional limit of $10,000 against the United States).[6]

---

[6] Although not cited by the City in its Motion for Reconsideration, in Serlin v. Arthur Anderson & Co., the Seventh Circuit held that it was within the district court's discretion to dismiss a second duplicative action even though the first action was dismissed for insufficient service of process. 3 F.3d 221 (7th Cir. 1993). The Seventh Circuit acknowledged that the statute of limitations had run while awaiting a ruling on the motion to dismiss in the first action, but remarked that "[t]he safer path in such a situation would be to promptly and voluntarily dismiss the case and then refile it with proper service." Id. at 224. In Serlin, however, the district court had found that there were no special circumstances counseling
(continued...)

10

The City further argues that the Court <u>could have</u> dismissed Plaintiff's claims against Officer Takehara with prejudice based on his failure to obey a court order or the local rules.  City's Mot. for Recon. at 8 (citing <u>Morris v. State Bar of California</u>, No. 09-00026, 2009 WL 5089687 (E.D. Cal. Dec. 17, 2009)).  Despite the City's contentions, any dismissal of Plaintiff's claims against Officer Takehara would have been without prejudice.

Contrary to the City's assertion that Plaintiff had failed to make a diligent effort to serve Officer Takehara, several attempts at service were made in this case.  Specifically, Mr. Latham "made several attempts to serve Defendant Kevin Takahara [sic] at the police station in April, May and June 2009 . . . ."  Latham Decl. ¶ 4.  Plaintiff's counsel hired a second process server that was also unable to serve Officer Takehara during this time period.  3/26/09 Wooten Decl. ¶ 8.  In addition, "[a]ttempts to serve him were also made

---

[6]/(...continued)
against dismissal of the second action.  <u>Id.</u> at 223-24.  In this case, as discussed <u>infra</u>, Plaintiff had made repeated attempts to serve Officer Takehara, none of which proved to be successful.  <u>See</u> Latham ¶ 5; 3/26/09 Wooten Decl. ¶ 8.  In light of this, the Court finds that dismissal of the second action, which would have effectively prevented Plaintiff from pursuing his claims against Officer Takehara, would have been inappropriate.  Further, the Seventh Circuit in <u>Serlin</u> merely held that it was within the discretion of the district court to dismiss the second action.  Here, in exercising its discretion, the Court found that consolidation was appropriate.

in November 2009 and on December 5, 2009." Latham ¶ 5. Further, according to Plaintiff's counsel, continued attempts to serve Officer Takehara were made as late as April 2010. 4/15/10 Wooten Decl. ¶ 4. Thus, it appears that the City was not entirely cooperative in making Officer Takehara available for service. Accordingly, given the circumstances of this case any dismissal of Plaintiff's claims against Officer Takehara would have been without prejudice pursuant to Fed. R. Civ. P. 4(m).[7]

Notably, regardless of whether Plaintiff was attempting to "expand the procedural rights he would otherwise enjoy," the Court could have stayed the second action pending resolution of the first action. See Walton, 563 F.2d at 70 ("When the district court became aware [of the two duplicative actions]. . . it could have stayed proceedings in the second action until judgment was entered in the first."); see also Curtis, 226 F.3d at 138. To

---

[7] On February 24, 2010, Judge Chang entered a minute order denying Plaintiff's second ex parte motion for an enlargement of time to serve Officer Takehara. Judge Chang first indicated that "[t]he failure to serve Defendant Takahara [sic] is now a matter to be addressed by Judge Kay on May 3, 2010." Judge Chang further found that Officer Takehara would be prejudiced by extending the time for service in the first action. Judge Chang's finding of prejudice, however, was in relation to the first action. The Court's decision to consolidate, on the other hand, related to Fed. R. Civ. P. 4(m) and the fact that Plaintiff could have pursued a second action against Officer Takehara if the first action was dismissed without prejudice, or if Plaintiff had voluntary withdrawn the first action and refiled with proper service. Accordingly, the Court finds that consolidation of the two cases resulted in minimal, if any, prejudice to Officer Takehara.

this end, had the Court stayed the second action pending resolution of the first action, and had the Court dismissed Plaintiff's claims against Officer Takehara in the first action without prejudice pursuant to Fed. R. Civ. P. 4(m), consolidation of the two civil cases at that point would have been appropriate in the interest of judicial economy.  Instead of going through this impracticable process, the Court consolidated the two civil actions.

Accordingly, for all of the aforementioned reasons, the Court denies the City's Motion for Reconsideration.

## II. Motion to Continue the Trial Date and Various Other Discovery Deadlines

The City also requests that the Court amend the Scheduling Conference Order to continue the trial date, discovery cut-off, and dispositive motions deadline.  See City's Mot. for Recon. at 9-10.

The trial in this case is currently scheduled to begin on July 13, 2010.  In the Five-Part Order, the Court found that because Officer Takehara has been aware of Plaintiff's Complaint since January or early February 2010, and because it was likely that Officer Takehara would be afforded representation, consolidation would only potentially result in minor delays or minimal prejudice.  Five-Part Order at 54.

It appears that Officer Takehara was served a copy of the Complaint on May 21, 2010.  See Docket no. 81.  The City

13

notes that a decision by the Honolulu Police Commission as to whether Officer Takehara will be afforded counsel will be rendered on or about June 4, 2010.  The current discovery deadline is June 7, 2010.

Further, a deposition of Plaintiff was previously scheduled for May 13, 2010.  City's Mot. for Recon. at 13.  According to the City, Plaintiff's counsel canceled this scheduled deposition on account of Plaintiff's current California residence and inability to appear on short notice.  Id.; Declaration of Curtis E. Sherwood ("Sherwood Decl.") ¶ 5.  Similarly, Plaintiff's counsel has stated that a deposition of Plaintiff during the first week of June is impracticable as Plaintiff's counsel will be off-island during that time.  Sherwood Decl. ¶ 7.  As a result, the City requests "that the trial date [and] discovery cut-off . . . be extended to allow [Officer Takehara] the opportunity to conduct such discovery . . . ."  City's Mot. for Recon. at 14.

The City also requests that the dispositive motions deadline be extended.  In its Five-Part Order, the Court acknowledged that the dispositive motions deadline had passed, but noted that this would not likely prejudice Officer Takehara because it appeared unlikely that he would be entitled to qualified immunity at the summary judgment stage due to disputed issues of material fact.  Five-Part Order at 52-54.  The City

14

asserts that this may no longer be the case because, after the Court issued its <u>Five-Part Order</u>, the City has since deposed Elizabeth Cole and Isabelle Jones, "and their live testimony contradicts their earlier declarations in significant respect." City's Mot. for Recon. at 10.  As such "given recent changes in Plaintiffs' witness' testimony," the City asserts that "Plaintiff's own testimony may likewise deteriorate under scrutiny and be insufficient to oppose any dispositive motion by Defendant Takehara."  <u>Id.</u> at 13.

At the outset, the Court observes that the City should have deposed Plaintiff and his witnesses at a much earlier date. It appears the City is now using the issue of Officer Takehara's service in order to extend the discovery deadline such that it can conduct discovery it should have previously conducted (the Court understands that the City's current counsel was on leave for a portion of this time period, but notes that the City has many other attorneys).

Nevertheless, because the decision from the Honolulu Police Commission as to whether Officer Takehara will be afforded counsel will be rendered around June 4, 2010, and due to the issues relating to deposing Plaintiff, the discovery cut-off and trial date, along with other pretrial deadlines, shall be continued.  A jury trial in this matter shall commence on **August**

**3, 2010**, at 9:00 a.m.  The final pretrial conference shall be held before the trial judge on **July 22, 2010**, at 10:00 a.m.  The discovery deadline shall be extended to **June 24, 2010**.

The Court shall extend the dispositive/substantive motions deadline (including qualified immunity) to **June 28, 2010**.  If any such motions are filed they shall be heard at the final pretrial conference scheduled for **July 22, 2010**, at 10:00 a.m.  The briefing schedule with respect to these motions will be outlined in a separate scheduling order accompanying this Order.

Various other pretrial deadlines will be modified, as more fully set forth in a separate scheduling order accompanying this Order.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaiʻi, May 27, 2010.



_____
Alan C. Kay
Sr. United States District Judge

Matubang v. City and County of Honolulu, et al., Civ. Nos. 09-00130 ACK-KSC & 10-00173 ACK-KSC:  Order (1) Denying the City's Motion for Reconsideration, and (2) Granting the City's Motion to Amend the Scheduling Conference Order